ATTORNEY GENERAL LOVING HAS ASKED ME TO RESPOND TO YOUR LETTER SEEKING A FORMAL OPINION ON THE APPLICABILITY OF CHISOLM V. ROEMER, 501 U.S., 111 S.CT., 115 L.ED.2D 348 (1991), AND HOUSTON LAWYERS ASSOCIATION V. ATTORNEY GENERAL OF TEXAS, 501 U.S., 111 S.CT. _, 115 L.ED.2D 379 (1991), TO CITY COUNCIL ELECTIONS AND SCHOOL BOARD ELECTIONS. IN LIGHT OF THE FACT THAT OUR OFFICE IS CURRENTLY DEFENDING A CHALLENGE TO OKLAHOMA'S JUDICIAL ELECTION PROCESS PURSUANT TO THESE TWO CASES, I THOUGHT IT BETTER TO RESPOND TO YOUR QUESTION INFORMALLY.
THE TWO CASES YOU ASKED ABOUT FOR THE FIRST TIME AUTHORITATIVELY APPLIED 2 OF THE VOTING RIGHTS ACT,42 U.S.C.A. 1973 TO STATE JUDICIAL ELECTIONS. AS A GENERAL MATTER, THE VOTING RIGHTS ACT, 42 U.S.C. 1971 ET SEQ., DOES APPLY TO CITY COUNCIL OR SCHOOL BOARD ELECTIONS. THE ACT DOES NOT AUTOMATICALLY PROHIBIT AT LARGE ELECTIONS WHERE THERE IS A SUBSTANTIAL CONCENTRATION OF MINORITY VOTERS, HOWEVER.
THE TENTH CIRCUIT COURT OF APPEALS HAS QUOTED SUPREME COURT PRECEDENT FOR THE PROPOSITION THAT AT-LARGE ELECTION OF REPRESENTATIVES IS NOT A PER SE VIOLATION OF THE VOTING RIGHTS ACT:
 THE SUPREME COURT NOTED SEVERAL LIMITATIONS ON ACTIONS BROUGHT UNDER 2. THE COURT STATED THAT ELECTION DEVICES, SUCH AS AT-LARGE ELECTIONS, MAY NOT BE CONSIDERED PER SE VIOLATIVE OF 2. ALSO, THE COMBINATION OF AN ELECTORAL MECHANISM AND THE LACK OF PROPORTIONAL REPRESENTATION ALONE DOES NOT ESTABLISH A VIOLATION. AND FINALLY, THE EXISTENCE OF RACIAL BLOC VOTING MAY NOT BE ASSUMED; PLAINTIFFS MUST PROVE IT. GINALES, 478 U.S. AT 45-46, 106 S.CT. AT 2764.
SANCHEZ V. BOND, 875 F.2D 1488, 1492 (10TH CIR. 1989).
IN THE SAME CASE OUR COURT OF APPEALS HAS SUMMARIZED THE NECESSARY PRECONDITIONS, OR ELEMENTS, OF A SECTION 2 VIOLATION AS FOLLOWS
"IN AN ATTEMPT TO GIVE LOWER COURTS A FRAMEWORK FOR ANALYZING 2 CLAIMS, THE SUPREME COURT SET FORTH THREE "NECESSARY PRECONDITIONS" WHICH MUST BE PRESENT IF PLAINTIFFS ARE TO PREVAIL ON THEIR VOTE DILUTION CLAIM. FIRST, THE MINORITY GROUP MUST BE ABLE TO DEMONSTRATE THAT IT IS SUFFICIENTLY LARGE AND GEOGRAPHICALLY COMPACT TO CONSTITUTE A MAJORITY IN A SINGLE MEMBER DISTRICT. SECOND, THE MINORITY GROUP MUST BE ABLE TO SHOW THAT IT IS POLITICALLY COHESIVE. THIRD, THE MINORITY GROUP MUST SHOW THAT THE WHITE MAJORITY VOTES SUFFICIENTLY AS A BLOC TO ENABLE IT USUALLY TO DEFEAT THE MINORITY'S PREFERRED CANDIDATE. A WHITE BLOC VOTE THAT NORMALLY WILL DEFEAT THE COMBINED STRENGTH OF MINORITY VOTES PLUS WHITE "CROSSOVER" VOTES IS SAID TO BE LEGALLY SIGNIFICANT WHITE BLOC VOTING. ID. AT 50-51, 106 S.CT. AT 2766-67. IF THESE CONDITIONS ARE NOT PRESENT, THEN THE CHALLENGED ELECTORAL PRACTICE CANNOT BE CONSIDERED AS THE CAUSE OF THE MINORITY'S INABILITY TO ELECT ITS PREFERRED CANDIDATES. ID. AT 50, 106 S.CT. AT 2766."
SANCHEZ, 875 F.2D AT 142.
THUS, TO DETERMINE WHETHER AT LARGE VOTING IN CITY COUNCIL OR SCHOOL BOARD ELECTIONS VIOLATES THE VOTE DILUTION PROHIBITION OF THE VOTING RIGHTS ACT, WE MUST LOOK FOR THE EXISTENCE OF THESE THREE "NECESSARY PRECONDITIONS." THESE CONDITIONS MAY ONLY BE ESTABLISHED IN AN EVIDENTIARY MANNER AND ARE QUESTIONS OF FACT.
(ROBERT A. NANCE)